**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No.   06-cv-01675-LTB-MEH

FREDDIE DAVID MARTINEZ,

      Plaintiff,

v.

EAGLE RIVER WATER & SANITATION DISTRICT,
SALLY LA POINTE,
DENNIS GALVIN, and
CHRISTINE SPAETH,

      Defendants.

_____

**ORDER**
_____

This case is before me on the Recommendation of the Magistrate Judge that the Defendants' Fed.R.Civ.P. 12(b)(6) Motion to Dismiss (Doc #33) be granted. The Plaintiff has filed timely written objections to the Magistrate Judge's recommendation. Although the objections are conclusory and lack requisite specificity, I will nevertheless review the recommendation *de novo*.

The recommendation views the motion under the rubrick that a court will dismiss a claim for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) only when it appears beyond doubt that the Plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. As the United States Supreme Court has stated this standard is "best forgotten as an incomplete common negative gloss on an accepted pleading standard." Bell Atlantic Corp. v. Twombly, ____

U.S. \_\_\_\_, 127 S.Ct. 1955, 1968-69 (2007).  But when deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff.   Erickson v. Pardus, \_\_\_\_ U.S. \_\_\_\_, 127 S.Ct. 2197 (2007).  Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief, Alvarado v. KOB-TV, LLC, \_\_\_\_ F.3d \_\_\_\_, fn. 2, 2007, WL 2019752 (10th Cir., July 13, 2007) -- that is -- a complaint must include "enough facts to state a claim to relief that is plausible on its face."  TON Services, Inc. v. Qwest Corp., \_\_\_\_ F.3d \_\_\_\_, 2007, WL 2083744, 7 (10th Cir., July 23, 2007).   The complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.  Lane v. Simon, \_\_\_\_ F.3d \_\_\_\_, 2007, WL 2136579, 3 (10th Cir., July 26, 2007).  As the Tenth Circuit has explained "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  Ridge at Red Hawk, LLC v. Schneider, \_\_\_\_ F.3d \_\_\_\_, 2007 USApp. Lexus 16204 at *10 (10th Cir., 2007).

Although the Magistrate Judge based his recommendation under the defunct rule of 12(b)(6) standard when analyzed under the present applicable standard, the recommendation is correct.  Accordingly

IT IS ORDERED that the Defendants' Motion to Dismiss (Doc #33) is GRANTED and the above action is DISMISSED.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge

DATED:   September 6, 2007